UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MARSHAY PRESTON, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6: 15-01-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| WARDEN J. C. HOLLAND, | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Marshay Preston is a prisoner confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky.  Proceeding without an attorney, Preston has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [R. 1]

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Preston's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On February 21, 2008, a federal grand jury sitting in Rochester, New York, issued a superseding indictment charging Preston with possession with intent to distribute cocaine base in

1

violation of 21 U.S.C. § 841(a)(1) (Count 1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 2); and being a felon in possession of several firearms in violation of 18 U.S.C. § 922(g) (Counts 3 and 4). *United States v. Preston*, No. 6:07-CR-6128-DGL-MWP-1 (W.D.N.Y. 2007).

During a plea hearing on October 29, 2009, over the government's objection the trial court agreed to accept Preston's *nolo contendre* plea to Counts 1 and 2 in the indictment and his guilty plea to Counts 3 and 4.  [R. 1-1, pp. 6-11]  In an extensive presentencing memorandum filed on February 1, 2011, Preston admitted that he had committed the charged offenses, acknowledged that he had pled *nolo contendre* to Counts 1 and 2, and argued for a sentencing range based upon his "no contest" plea to those charges.  [R. 95 therein, pp. 2-3, 13, 21-22]  On February 22, 2011, the trial court sentenced Preston to a 144-month term of imprisonment on Count 1, a consecutive 60-month term on Count 2, and to two 120-month terms of imprisonment on Counts 3 and 4, to be served concurrently with each other and with Count 1.  On direct appeal, Preston contended that the trial court lacked a sufficient factual basis to accept his plea to Count 2 and that his plea was not knowingly made.  The Second Circuit rejected all of Preston's claims on appeal in a thorough opinion entered on October 1, 2012.  *United States v. Preston*, 499 F. App'x 70 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 1292 (2013).

In his current petition, Preston now argues that during the plea hearing, when he stated on the record that he "wished" or "desired" to plead *nolo contendre* to Counts 1 and 2 in the indictment, he did not actually so plead at that time, but expressed only his intention to do so at some point in the future.  [R. 1, pp. 8-10]  Preston therefore argues that the trial court failed to comply with Federal Rule of Criminal Procedure 11 in accepting his plea; that he never waived his right to a jury trial on these counts; and that the judgment improperly indicates that he pled

"guilty" to these offenses.  [R. 1, pp. 11-12]  Preston therefore contends that his convictions under Counts 1 and 2 violate the Fifth and Sixth Amendments to the United States Constitution. [R. 1, p. 5]

Preston may not pursue his claims in a § 2241 petition.  A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility.  *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).  The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255.  *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention.  *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004).  This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief.  *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

Preston's claims, that he never entered a plea to the charges and that the trial court violated Federal Rule of Criminal Procedure 11, are claims of ordinary trial error which he was required to assert on direct appeal or in an initial motion under Section 2255. The Court therefore lacks jurisdiction to entertain them in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *Holcomb v. Tamez*, 464 F. App'x 343 (5th Cir. 2012); *Bellomo v. United States*, 344 F. Supp. 2d 429 (S.D.N.Y. 2004) (challenge to guilty as not voluntary and knowing not cognizable under § 2241); *Dillon v. Grondolski*, No. 12-40082-TSH, 2012 WL 3139001 (D. Mass. 2012). Preston's petition must therefore be denied.

Accordingly, **IT IS ORDERED** that:

1.     Preston's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2.     The Court will enter a judgment contemporaneously with this order.

3.     This matter is **STRICKEN** from the docket.


This 15th day of May, 2015.



Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**